```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
STEPHEN ROBERTS,                            :       05 Civ. 3110 (RJH)(DF)
                                            :
                    Petitioner,             :
                                            :
       -against-                            :       **ORDER**
                                            :
LEO PAYANT,                                 :
                    Respondent.             :
                                            :
------------------------------------------------------------x

      On December 3, 2009, Magistrate Judge Deborah Freeman issued a Report and Recommendation ("Report") recommending that the Court dismiss the petition in its entirety. The Report also recommended that the Court decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A) because petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). On January 11, 2010, the Court received objections to that report from petitioner.

      The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge. *See Nelson*, 618 F. Supp. at 1189. If a party fails to object to a report within 14 days of being served with the report, that party waives

1

their right to object and appellate review of the district court's decision adopting the report, absent unusual circumstances, is precluded. *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Giving a favorable construction to petitioner's objections to the Report, petitioner raises two issues which the Court must review *de novo*. First, the objections relate to whether the knowing and intelligent entry of petitioner's guilty plea is called into question by the fact that he sought to preserve a right to appeal at the time of the plea. Second, the objections relate to whether the Report gave an appropriately favorable reading to petitioner's submissions in light of the fact that he has filed his petition *pro se*.

The Report found that petitioner had not adequately challenged his guilty plea and that the plea was knowing and voluntary. Petitioner objects that, since he sought to preserve his rights to appeal upon entry of the plea, the Court should infer that he did not intend to enter that plea. Having reviewed the plea *de novo*, the Court finds that it was knowing and voluntary. First, petitioner has not actually challenged his guilty plea, and has raised no claim (until this objection) that his plea was not knowing and voluntary. Second, petitioner acknowledged at his allocution that he had discussed his plea with his attorney, that he understood the charges against him, that he was not under the influence of any substances, and that he understood the consequences of his plea—the plea has all the markings of one knowingly and voluntarily entered into. Third, the reservation of rights to appeal upon plea allocution simply does not automatically call into doubt the knowing and voluntary nature of a plea. *See* Fed R. Crim. Proc. 11(a)(2) (permitting conditional pleas despite existence of requirement that plea be knowing and voluntary).

2

Rather, it creates the opposite inference: that a defendant understands the legal import of a guilty plea such that he would desire to protect certain appeals from its power. Unless petitioner could demonstrate that he misunderstood what the right to appeal meant, or believed that it had some legal operation that essentially subsumed the plea itself, his desire to maintain an appeal does not render his plea involuntary. And, in any event, after being told that he could not maintain an appeal, he said it was "just a request" and still decided to enter the plea without any conditions. (*See* Report, at 5-7; Tr. at 18.) Accordingly, the Court adopts the Reports findings with respect to the voluntary and intelligent character of petitioner's plea.

The Report also gives an appropriately favorable reading to petitioner's papers. The Report recognized that:

> [a]s Petitioner is proceeding *pro se*, the Court should hold his submission to a "'less stringent standard[] than formal pleadings drafted by lawyers,'" *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)), and should read his pleadings "liberally and interpret them to raise the strongest arguments they suggest," *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).
> (Report, at 22 n. 15.)

Having reviewed petitioner's submissions itself, the Court finds that the Report gives an appropriately generous reading to them. The Report favorably reads the petition, often supplying legal bases and argument that can just barely be inferred from the language of the petition. It then analyses petitioner's claims, as favorably interpreted, thoroughly and carefully.

As to the rest of the Report, the Court finds that no clear error appears on the face of the record. The Court hereby adopts the Report. The Clerk shall close this case.

SO ORDERED.

Dated: New York, New York
April 27, 2010

                                                     Richard J. Holwell
                                               United States District Judge